# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCIS and MATRIX<br>METROLOGY GROUP, INC. | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. 4:13-CV-627<br>Judge Clark/Judge Mazzant |
| API TECHNICAL SERVICES, LLC and<br>RONALD HICKS | §<br>§ | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant API Technical Services, LLC's ("API") Motion for Partial Dismissal of Claims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #21). After reviewing the motion, the responses, and the relevant pleadings, the Court recommends the motion be granted in part and denied in part.

### BACKGROUND

Plaintiffs filed their Original Complaint in this Court on October 25, 2013 (Dkt. #1), and filed an Amended Complaint on November 5, 2013 (Dkt. #4). Plaintiffs assert claims for: (1) violation of the Stored Communications Act, 18 U.S.C. § 2701-271; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) violation of the Federal Wiretap Act, 18 U.S.C. § 2510-2520; (4) violation of the Texas Wiretapping Statute, Tex. Code of Crim. P. Art. 18.20 § 16(a); (5) Intrusion on Seclusion; (6) common law fraud/fraud in the inducement; (7) Breach of Contract; (8) Declaratory Judgment; and (9) Intentional Interference with Contractual or Prospective Business Relations. *Id*.

Plaintiff Anthony Francis ("Francis") is a resident of Denton County, Texas. *Id*. at ¶ 4. Plaintiff Matrix Metrology, Group, Inc. ("Matrix Metrology") is a Florida corporation with its

principal place of business in Cape Canaveral, Florida.  *Id*. at ¶ 5.  API is a Virginia limited liability company with a principal place of business in Newport News, Virginia.  *Id*. at ¶ 6.  Defendant Ronald Hicks ("Hicks") is a resident of Virginia.  *Id*. at ¶ 7.

Francis has substantial experience in the Metrology industry, specifically the use of a laser tracker machine that utilizes laser technology to compute very accurate measurements.  *Id*. at ¶ 11.  API is a service company that provides owners with specialized technicians who work on project sites to operate, maintain, and train employees on working with laser trackers.  *Id*. at ¶ 12.  Hicks is the Vice President and General Manager of API.  *Id*. at ¶ 15.  In late 2010, Hicks and Francis met to begin discussions regarding Francis joining API to develop a full office division of API in Dallas, Texas that would support his generation of new business.  *Id*. at ¶¶ 15-16.  Ultimately API and Hicks offered Francis the opportunity to join API with the assurance that API would develop a "brick and mortar" office site in Dallas, Texas, with a full staff and that Francis would earn a 3% commission on all "new business generation."  *Id*. at ¶¶ 16-17.

On or about January 10, 2011, Francis and Hicks executed API's employment agreement.  *Id*. at ¶ 18.  In 2011, Francis generated new business that earned approximately $250,000 in gross revenues.  *Id.* at ¶ 19.  In 2012, Francis generated approximately $2 million in new business.  *Id.*  Defendants refused to pay Francis his 3% commission in 2012, and did not build a Dallas office.  *Id*. at ¶ 20-21.  Also in 2012, Francis was presented with a Proposed Non-Compete Agreement; however, Francis refused to execute this agreement.  *Id*. at ¶ 22.  Francis eventually resigned from API in September 2013, after a brief period of employment with another entity.  *Id*. at ¶ 23.  After his resignation, Francis returned two computers to API, a Dell laptop and an Apple laptop.  *Id*. at ¶ 24-25.  When he returned the Dell laptop, Francis did not take any steps to clear out electronically stored information other than some basic clean-up.  *Id*.

at ¶ 24.  The Apple laptop was purchased for Francis to use for both work and personal matters, and was used by Francis and his family.  *Id.* at ¶ 25.  When Francis returned the Apple laptop, he utilized a program used for removing sensitive personal information.  *Id.* at ¶ 26.  The personal information that was deleted from the Apple laptop included significant person information related to Francis' wife and children, including family photos, family videos, social security numbers, financial information, credit card information, bank accounts, and medical information.  *Id.*

After returning these two computers, Francis became aware that API and Hicks had taken steps to recover the deleted personal information from the Apple laptop.  *Id.* at ¶ 29.  Plaintiffs allege that Defendants were successful in the recover and used the information to access three of Francis' personal G-Mail accounts and lock Francis out of those accounts.  *Id.* at ¶¶ 30-31.  In addition, Francis confirmed through conversations with API employees that Defendants were attempting to forge Francis' signature on the Non-Compete Agreement and accessed Francis' personal G-Mail accounts.  *Id.* at ¶¶ 29-36.  Defendants allegedly logged in to Francis' G-Mail accounts, changed the password, telephone recovery number, auto-forwarded messages to an API e-mail address, and reviewed Francis' personal e-mail.  *Id.*  Francis confirmed activity on these accounts that occurred from an IP address located in Newport News, Virginia.  *Id.* at ¶¶ 34-37.  In addition, Francis was alerted by another person that Defendants instructed employees to "hack into" Francis' home IP Address, that an employee obtained a software package from a third-party that allowed her to "hack into" Francis' home IP address, that Defendants reimbursed her for the purchase of this software, and that the employee continued to have access to Francis' home IP address.  *Id.* at ¶ 39.

On December 11, 2013, API filed its motion for partial dismissal (Dkt. #21). On January 10, 2014, Plaintiffs filed their response (Dkt. #28). On January 17, 2014, API filed its reply (Dkt. #31).

## LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting

*Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**ANALYSIS**

API moves to dismiss Plaintiffs' claims for common law fraud/fraud in the inducement, declaratory judgment concerning Plaintiff Francis, declaratory judgment concerning Plaintiff

Matrix Metrology, and intentional interference with contractual and prospective business relationships.

API moves to dismiss Plaintiffs' claims for fraud because it alleges that Plaintiffs did not plead their fraud allegations with sufficient particularity to meet the requirements of Federal Rule of Civil Procedure 9. In addition, API argues that any claims that Plaintiffs are making about allegedly fraudulent statements made to "third parties" fail because Plaintiffs have no standing to assert these claims.

To satisfy Rule 9(b), Plaintiffs must "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). "Although Rule 9(b) effectively modifies the general notice pleading requirements of Rule 8(a)(2), Rule 8(d)(1) still dictates that each averment of a pleading of fraud be 'simple, concise, and direct.'" *United States ex rel. v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). In their complaint, Plaintiffs pleaded that API and Hicks (who) made false statements to him that they knew were false at the time that they made them regarding his right to earn a 3% commission on new business and API's plan to develop and build a Dallas office (what). Francis alleges that those statements were made during the course of his employment, specifically late December 2010 or early January 2011 (when), in Texas and Virginia (where), and the statements were made to induce Francis to begin working for API (how). This is more than sufficient to satisfy Plaintiffs' pleading requirements.

Plaintiffs do not address the standing issue raised by API regarding statements made to third parties. However, the Court is unclear what statements that API is referring to, since API does not discuss what these statements are, where they are located in the complaint, or any other

means by which the Court can determine what API is referring to in its motion. Thus, the Court recommends that API's motion to dismiss Plaintiffs' fraud claim be denied.

API next moves to dismiss Plaintiffs' claims for declaratory judgment involving both Plaintiffs. Plaintiffs move for declaratory judgment stating "API has claimed that Plaintiff Francis is subject to the terms of a non-compete, non-solicitation, and/or non-disclosure agreement." Plaintiffs contend that Francis never executed such an agreement, and that Defendants took steps to "manufacture" Francis' signature on such an agreement. Plaintiffs request that the Court declare that Francis is not subject to any contractual restriction concerning his capacity to compete with Defendants, his capacity to solicit employees and customers of API Services, and/or his capacity to disclose API Services' confidential information.

API argues that these claims for declaratory judgment based on a non-compete agreement should be dismissed because neither defendant is asserting that Francis executed or is subject to such an agreement. API does assert that Francis was subject to common law duties not to disclose such information. However, no party is asserting that Francis breached a non-competition agreement, or that Francis executed such an agreement.

The Court agrees that Plaintiffs' arguments with regard to this claim do not make much sense. Plaintiffs argue that "the Defendants claimed that 'no one is contending that Francis executed such [a non-competition] agreement.' But that is exactly what the Plaintiffs are alleging when they assert that, 'API Services has claimed that Plaintiff Francis is subject to the terms of a non-compete, non-solicitation, and/or non-disclosure agreement.'" (Dkt. #28 at 5). Plaintiffs cannot plead that API is making claims that API itself argues that it is not making. It appears to the Court that the parties agree that Francis did not sign a non-compete agreement, and that neither Francis nor Matrix Metrology are subject to such an agreement. A declaratory

judgment is not available to resolve issues when there is no case or controversy. *Medimnume, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). This does not preclude Defendants from asserting that Francis was subject to certain common law duties not to compete or disclose proprietary information obtained while working at API. The Court agrees that both Plaintiffs' claims for declaratory judgment based on a non-compete agreement should be dismissed.

Finally, API argues that Plaintiffs' claim for intentional interference with contractual and prospective business relationships fails because Plaintiffs have pleaded insufficient facts to support this claim. Plaintiffs do not address this argument in their response.

In order to prove a claim for intentional interference with contractual business relationships, Plaintiffs will have to show: (1) the existence of a contract subject to interference, (2) willful and intentional interference, (3) that proximately causes damage, and (4) actual damage or loss. *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 774 (S.D. Tex. 2010) (citations omitted). To demonstrate a claim for intentional interference with prospective business relationships, Plaintiffs will have to show: "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Id.* at 775.

Plaintiffs' complaint asserts that they have contractual relationships and prospective business relationships with employees, independent contractors, third-party vendors, and other entities, and that Defendants' alleged actions interfered with these contracts or prospective

business relationships. Defendants complain that Plaintiffs do not state what relationships are at issue, with whom, when the alleged relationships came into existence, and how Defendants' allegedly interfered with these relationships. However, these claims are not subject to the heightened pleading requirements of Rule 9, which requires a plaintiff to state who, what, when, where, and how regarding fraud allegations. Instead, Plaintiffs' must make a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiffs have provided sufficient factual information to state a claim that certain contractual and prospective business relationships existed, and that Defendants' intentional and unlawful acts either interfered with the relationships or prevented the relationships from occurring. Thus, the Court recommends Defendants' motion to dismiss Plaintiffs' claim for intentional interference with contractual and prospective business relationships be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends Defendant API Technical Services, LLC's ("API") Motion for Partial Dismissal of Claims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #21) be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends that Plaintiffs' requests for declaratory relief be dismissed in their entirety, and that Plaintiffs' remaining claims, including common law fraud/fraud in the inducement and intentional interference with contractual and prospective business relationships, remain in this litigation.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of April, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE