**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCIS and MATRIX METROLOGY GROUP, INC., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 4:13-CV-627 |
| API TECHNICAL SERVICES, LLC and RONALD HICKS, | § § § § | |
| *Defendants*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On April 29, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #46], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant Ronald Hicks' ("Hicks") Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #19] and Defendant API Technical Services, LLC's ("API") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Doc. #20] be denied.

On May 12, 2014, Defendants filed their objections to the report and recommendation [Doc. #49]. On May 29, 2014, Plaintiffs filed their response to the objections [Doc. #66]. In the report and recommendation, the Magistrate Judge found that Hicks' alleged activities of accessing or directing others to access Plaintiff Anthony Francis' ("Francis") G-Mail accounts, "hacking" into Francis' home IP address, and using those e-mails are, if proven, purposeful activities directed at a known resident of Texas. The Magistrate Judge concluded that those allegations were sufficient to subject Hicks to personal jurisdiction in Texas because the alleged

1

actions are related to the cause of action, the alleged actions were purposefully directed at a Texas resident, the alleged injuries occurred in and were felt in Texas, and given the nature of Hicks' alleged activities, it would be reasonable for him to expect to be haled into a Texas court. The Magistrate Judge also found that good cause did not support a transfer to the Eastern District of Virginia, and that API did not meet its burden to demonstrate that the Eastern District of Virginia was a clearly more convenient forum for this litigation.

The court will first address Hicks' objections to the findings of the Magistrate Judge in the recommendation on Hicks' motion to dismiss for lack of personal jurisdiction. Hicks first objects to the finding of the Magistrate Judge that "Hicks has apparently traveled to Texas for business purposes, although neither party provided the Court with any information regarding Hicks' business travels to Texas." Hicks asserts that this finding is contrary to the evidence because he clearly stated in his affidavit that he did not travel to Texas for personal reasons and that Hicks' only travel to Texas was for business purposes. However, Hicks overlooks the fact that the Magistrate Judge essentially accepted Hicks' argument and evidence regarding his travels. The Magistrate Judge found:

> Hicks has never traveled to Texas for personal reasons, never owned real property in Texas, never maintained a bank account or safety deposit box in Texas, never resided in Texas, and never owned any personal property in Texas (Dkt. #19 at ¶¶ 3-9)

[Doc. #46 at 10]. The Magistrate Judge later noted that while Hicks only traveled to Texas for business purposes, "the frequency of his travels to Texas is unknown." There is little or no evidence regarding Hicks' business travels in Texas other than the statement in Hicks' affidavit that he has never traveled to Texas for personal reasons. The Magistrate Judge noted this lack of evidence, but accepted Hicks' evidence regarding his travels. Hicks' objection is overruled.

2

Next, Hicks objects to the finding of the Magistrate Judge that alleged misrepresentations made to Francis while Hicks was recruiting Francis for employment with API, directing individuals employed at API to take steps to access Francis' G-Mail accounts, and directing individuals to "hack into" Francis' home IP address were sufficient to constitute a non-resident defendant purposefully directing his activities at the forum state and at a resident of the forum state. Hicks asserts that any misrepresentations made to Francis prior to his joining API were made in Virginia, and were made before Francis moved to Texas. Further, Hicks argues that any orders to access G-Mail accounts belonging to Francis were orders that Hicks gave in Virginia to others in Virginia. Hicks also argues that the allegations regarding hacking into Francis' home IP address is hearsay within hearsay. As a preliminary note, the court is not required to rely only on admissible evidence in determining whether jurisdiction exists. As noted by the Magistrate Judge, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citation omitted). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of the plaintiff. *Id*. (citations omitted). There are no allegations that Francis moved to Texas; in fact, the allegations are that Francis has always lived in Texas, and would not have joined API without the misrepresentation that API would build an office in Dallas. In addition, in concluding that the orders Hicks allegedly gave to access Francis' G-Mail accounts were purposefully directed at a Texas resident, the Magistrate Judge noted that this was based on the location of the injury, not where the actions themselves took place. This is due to the cause of action asserted and the injury that is sustained in this type of case. It is irrelevant that Hicks was

located in Virginia, when his alleged actions were directed at a Texas resident, at an account maintained by a user in Texas, and the injury was felt in Texas. Hicks' objection is overruled.

Hicks next objects to the finding of the Magistrate Judge that accessing a person's home IP address is directing an activity at the State of Texas. Hicks objects to this finding on the basis that Plaintiffs have not alleged that Hicks personally accessed Francis' home IP address directly, or that he specifically instructed anyone else to do so. Hicks also objects to the fact that the Magistrate Judge considered the "effects" test described in *Calder v. Jones*, 465 U.S. 783 (1984). Hicks claims that this test is not applicable to the present case, and further, cases that focused on hacking into e-mail accounts focused on the forum in which the server is located. Hicks notes that Plaintiffs have not alleged where the G-Mail servers were located, which is a factor other courts faced with this issue have considered.

First, while these allegations regarding Francis' home IP address do not appear in the complaint, in determining a motion to dismiss for lack of personal jurisdiction, a court may consider pleadings, affidavits, or other discovery materials to determine whether the plaintiff has made a prima facie case for personal jurisdiction. *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Here, Plaintiffs incorporated into their response to Hicks' motion to dismiss their response to the motion to transfer venue, the amended complaint, and amended motion for preliminary injunction. Attached to the motion for preliminary injunction is the affidavit of Amy Grelinger [Doc. #16-7] that fully sets out these allegations, and they were properly considered by the Magistrate Judge. Hicks' objection to the Magistrate Judge's use of the "effects" test in *Calder* seems to focus on the fact that using this test alone is an improper basis on which to determine if personal jurisdiction exists. However, the Magistrate Judge did not solely rely on the "effects" test, and considered the Fifth Circuit test

4

to determine whether Hicks established minimum contacts and purposefully availed himself of the benefits and protections of the forum state. The Magistrate Judge also considered the "effects" test, but by no means used this as the sole basis for his decision. Finally, while it may be true that other courts have used the location of the server in their jurisdictional analysis, that information was not available to the Magistrate Judge and is not available to this court. Thus, the court is required to use the information before it to determine if Plaintiffs set forth a *prima facie* case for personal jurisdiction, and based on the jurisdictional facts contained in the record, the court agrees with the Magistrate Judge that Plaintiffs have met that burden. Hicks' objection is overruled.

Hicks next objects to any suggestion that the Magistrate Judge based any portion of the decision upon the Wiretap Act, since the Fifth Circuit has held "the Federal Wiretap Act and the Texas Wiretap Act do not apply to the unauthorized access, use, or disclosure of stored electronic communications" [Doc. #49 at 6 (citing *Steve Jackson Games, Inc. v. U.S. Secret Services*, 36 F.3d 457, 461-62 (5th Cir. 1994); TEX. CIV. PRAC. & REM. CODE § 123.001(1); *U.S. v. Rodriguez*, 968 F.2d 130, 136 (2d Cir. 1992))]. In his analysis, the Magistrate Judge noted that he considered the allegations and injuries asserted by Plaintiffs that arose out of the specific causes of action, and briefly states by way of example, "[t]he Wiretap Act proscribes 'intentionally intercept[ing] any electronic communications'" [Doc. #46 at 12-13 (citing 18 U.S.C. §§ 2511(1); 2520(a); *DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 566-67 (5th Cir. 2006))]. This is the only mention of the Wiretap Act in the report and recommendation, and there is no indication that the Magistrate Judge based his decision on the Wiretap Act. Hicks' objection is overruled.

Hicks next objects to the finding of the Magistrate Judge that "Defendant's allegation that Plaintiffs have not alleged that Hicks committed a tort in Texas is incorrect." Hicks argues that Plaintiffs' allegations do not specifically allege that Hicks committed a tort in Texas, but Hicks agrees that Plaintiffs assert that Hicks "engaged in certain wrongful actions and conduct" [Doc. #49 at 6]. Apparently Hicks is asserting that Plaintiffs do not specifically allege that Hicks was physically located in Texas while he committed any wrongful actions or conduct. This is true; Plaintiffs' allegations essentially reveal that Hicks was physically located in Virginia when he committed alleged wrongful acts, such as intrusion on seclusion, common law fraud/fraud in the inducement, and intentional interference with contractual or prospective business relations. However, the test for personal jurisdiction is not whether a defendant is physically located in the forum state when the alleged wrongful activity occurs, but whether a defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" *Walk Haydel,* 517 F.3d at 243. The Magistrate Judge used the correct legal standard, and found that Plaintiffs' allegations were sufficient to allow the court to conclude that Hicks purposefully directed his activities at the forum state, and that this litigation resulted from the alleged injuries that arose out of or are related to those activities. Hicks' objection is overruled.

Hicks next objects to the statement of the Magistrate Judge that follows: "In this case, the Court finds that Hicks' alleged activities of accessing or directing others to access Francis' private G-Mail accounts, 'hack' into Francis' home IP address, and using those e-mails are, if proven, purposeful activities directed at a known resident of Texas" [Doc. #46 at 13]. Hicks again objects on the basis that these alleged activities do not constitute purposeful activities directed at a known resident of Texas, that the Magistrate Judge's conclusion is premised upon

6

the "effects" test set out in *Calder*, and that other federal courts to consider this issue have focused on the forum in which the server is located. The court has already addressed these objections *supra*, and will not address them again. Hicks' objection is overruled.

Hicks next objects to the statement of the Magistrate Judge that follows: "The Court finds that the jurisdiction issue in this case is akin to that in a slander or defamation case, in which an Internet blogger or Twitter or Facebook user posts something defamatory on the Internet" [Doc. #46 at 13]. Hicks objects to this finding because "the allegations that have been made against Hicks in the case at bar are not, in truth, akin to the posting of something defamatory about the Plaintiffs on the internet" [Doc. #49 at 8]. Hicks again objects to the Magistrate Judge's consideration of the "effects" test as discussed previously. As discussed by the Magistrate Judge, the analysis for purposes of personal jurisdiction in cases where a defamatory statement is posted about a plaintiff on the internet and cases like the present one are similar. While it may be true that hacking into someone's personal e-mail accounts and home IP address, and then using their wrongfully obtained personal information is not exactly the same as posting a defamatory statement on the internet, the comparison can certainly be made that the jurisdictional analysis is the same. Both causes of action involve an out-of-state defendant who purposefully directs the wrongful activity at a resident of the forum state, making it foreseeable that the defendant could be haled into court in that state. Hicks' objection is overruled.

Hicks next objects to the Magistrate Judge's statement that follows: "Here, we have a different type of activity that is clearly directed at the forum state…" [Doc. #46 at 14]. Hicks objects, stating that there are no allegations that Hicks directed any alleged wrongful activity at the State of Texas. Hicks also objects to the Magistrate Judge's consideration of the "effects" test and the location of servers as discussed previously. Contrary to Hicks' assertion, Plaintiffs

7

do allege that Hicks directed allegedly wrongful conduct at the State of Texas. Plaintiffs assert that Hicks, or someone acting at Hicks' direction, obtained access to Francis' personal G-Mail accounts, blocked Francis from obtaining access to these accounts, improperly used Francis and his family's personal information, and hacked into Francis' home IP address, among other allegations. Hicks' objection is overruled.

Hicks next objects to the Magistrate Judge's statement as follows: "Thus, in this case, given the nature of Hicks' alleged activities, it would be reasonable for Hicks to expect to be haled into court in Texas" [Doc. #46 at 14]. Hicks objects that Plaintiff's allegations do not demonstrate or even suggest that it would be reasonable for Hicks to expect to be haled into court in Texas, and that this court's exercise of personal jurisdiction over Hicks would offend traditional notions of fair play and substantial justice. Again, the report and recommendation of the Magistrate Judge clearly lays out that it is reasonable for Hicks to expect to be haled into a Texas court because he, or someone acting at his direction, allegedly intentionally obtained access to Francis' personal G-Mail accounts, blocked Francis from obtaining access to these accounts, improperly used Francis and his family's personal information, and hacked into Francis' home IP address. The Magistrate Judge concluded that these allegations were sufficient to support a *prima facie* case for personal jurisdiction over Hicks, and that Hicks could reasonably expect to be haled into court in Texas because he purposefully directed his activities at a Texas resident.

The court also concludes that the exercise of that jurisdiction would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this analysis, a court may evaluate such factors as: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4)

the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006). In this case, the burden on Hicks would be heavier than that of Plaintiffs, since he lives in Virginia. However, as the court has already found, Hicks could reasonably expect to be brought to a Texas court due to his activities directed at a Texas resident. Further, it appears that Texas has an interest in the dispute in this case, since Francis is a Texas resident, and the allegations include hacking into Francis' home IP address, which is located in Texas. Plaintiffs have an interest in obtaining relief in this court. Thus, the court concludes that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice.

The court will now turn to API's objections to the Magistrate Judge's findings on the motion to transfer. However, first Hicks notes that he did not formally join in the motion to transfer because he did not want to waive his right to object to this court's exercise of personal jurisdiction over him. Hicks states that he does not object to the transfer of this case to Virginia. Although Hicks may not object to the transfer of this case to Virginia, Hicks waived his right to challenge this venue when he failed to include this challenge in his Rule 12(b) motion. Under Federal Rule of Civil Procedure 12(b), every Rule 12 defense must be asserted in the responsive pleading or by motion if a defendant chooses to assert the defenses by motion. The rule also provides that no defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion. FED. R. CIV. P. 12(b). If the defendant makes a 12(b) motion, but does not assert an objection to venue, that objection is waived and cannot be asserted later. FED. R. CIV. P. 12(h). Hicks failed to join API's motion, and cannot do so now. Further, the deadline has expired for Hicks to make his own motion to transfer. Thus, this court

will consider the motion as presented to the Magistrate Judge, which is that one defendant, API, sought transfer to Virginia, while the other defendant, Hicks, did not and would remain in Texas.

API objects to the finding of the Magistrate Judge that the ease of access to sources of proof venue factor was neutral. API objects to this finding on the basis that Plaintiffs did not identify where any other evidence could be located, and that the Apple laptop and the Dell computer are located in Virginia. In addition, the individuals who accessed and restored data to the computers are located in Virginia. "Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010) (citing *In re Volkswagen of America, Inc. ("Volkswagen II")*, 545 F.3d 304, 316 (5th Cir. 2008)). This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id*. (citations omitted). The Magistrate Judge found that this factor was neutral because there are documents located in a variety of locations, namely the various states in which Plaintiffs' witnesses are located, and most of the documents may be produced electronically to either party. The Magistrate Judge properly concluded that this factor is neutral, and that it should be accorded little weight in determining venue because the documents in this case were not so voluminous that their transport would be a major undertaking. API's objection is overruled.

API objects to the finding of the Magistrate Judge that the location of witnesses venue factor was neutral in this case. API asserts that it identified three key witnesses who reside in Virginia, and that Plaintiffs failed to demonstrate that their witnesses are "key" witnesses in this litigation. API further contends that these witnesses have no personal knowledge of the facts of

this case. However, Plaintiffs have asserted several claims against API, including violations of the Stored Communications Act, Computer Fraud and Abuse Act, Federal Wiretap Act, Texas Wiretap Act, Intrusion on Seclusion, common law fraud/fraud in the inducement, breach of contract, intentional interference with contractual or prospective business relationships, and declaratory relief. Plaintiffs have identified witnesses that can testify to all of these claims, not just those claims relating to the allegations of hacking into Francis' personal G-Mail accounts and home IP address, which are the claims API appears to focus on. Further, it is API's burden to show that a transfer to the Eastern District of Virginia is "clearly more convenient," in this case. API's objection is overruled.

API objects to the statement of the Magistrate Judge that follows: "API asserts only that travel to Texas for those witnesses located in Virginia will be costly. If this Court were to transfer this litigation to Virginia, the inverse is true for those witnesses located in Texas and other states. The Court finds this factor is neutral" [Doc. #46 at 18]. API again asserts that Plaintiffs failed to demonstrate that their witnesses are "key" witnesses in this litigation, and that they have no personal knowledge of the causes of action. As stated above, API appears to focus only on the claims related to the alleged access to the G-Mail accounts, rather than the claims for breach of contract or tortious interference with business relations, which are also at issue in this case. Plaintiffs' witnesses may provide testimony to those claims. In addition, the statement made by the Magistrate Judge is an accurate statement, and API fails to address the substance of this statement. It may be true that while transfer of this action to the Eastern District of Virginia may be more convenient for API, it would not be convenient for Plaintiffs or their witnesses. API's objection is overruled.

API objects to the finding of the Magistrate Judge that the judicial economy and efficiency factor weighed heavily against transfer in this case. The Magistrate Judge found that in this case, granting a transfer would result in the transfer of API; however, Plaintiffs and Hicks would remain in litigation here, resulting in two duplicative suits. API acknowledges that this is not efficient, but argues that it is not advocating such a result. Instead, API argues that because it believes the court has no jurisdiction over Hicks, and API should be transferred, then there would be no remaining case in Texas. However, the court has already determined that it does have personal jurisdiction over Hicks. Although API may not be advocating duplicative litigation in multiple forums, that is the practical result that would occur if the court were to transfer API, especially given the fact that Hicks did not join in the motion to transfer and has not brought a motion to transfer of his own. API's objection is overruled.

API objects to the finding of the Magistrate Judge that the local interest and having local interests decided at home venue factor weighed against transfer. API contends that the reputations of the individuals who have been called into question in the case at bar all work and reside in Virginia, and Texas is not the location of the alleged wrongful actions and conduct. However, API does not dispute that the location of the alleged *injury* is in Texas. There is no alleged injury to Hicks or API occurring in Virginia in the litigation currently before the court. While Hicks and API may be physically located in Virginia, the alleged injury itself occurred in Texas when Hicks and API wrongfully hacked into Francis' G-Mail accounts and home IP address. API's objection is overruled.

API objects to the finding of the Magistrate Judge that API failed to show good cause that transfer to the Eastern District of Virginia was clearly more convenient than the current venue. API objects only on the basis that it believes it has shown good cause. The Magistrate Judge

clearly disagreed for reasons set forth in detail in the report and recommendation. API's objection is overruled.

API objects to the finding of the Magistrate Judge that API failed to meet its burden to show that the Eastern District of Virginia is a clearly more convenient forum than the Eastern District of Texas. API objects only on the basis that it believes it has met its burden. The Magistrate Judge clearly disagreed for reasons set forth in detail in the report and recommendation. API's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Defendants' objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #46] is adopted, and Defendant Ronald Hicks' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #19] is **DENIED**, and Defendant API Technical Services, LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Doc. #20] is **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

                                                Ron Clark, United States District Judge